## RAUSSEN v BARRS SELF-DRIVER CO

Ohio Appeals, 1st Dist, Hamilton Co

No 4254. Decided Feb 6, 1933

Bates, Stewart & Skirvin, Cincinnati, for plaintiff in error.

Julius R. Samuels, Cincinnati, for defendant in error.

HAMILTON, J.

The action is grounded on negligence in renting a car with defective brakes; that, by reason of the defective brakes, the hirer was unable to stop, and by reason thereof the collision occurred.

The defense was a general denial, and as a second defense, the defendant alleged that the collision occurred through the negligence of the plaintiff and the driver of the defendant's automobile.

It is therefore apparent that the plaintiff would have to prove that the brakes were defective and in addition thereto that the defendant company was negligent in failing to properly inspect and keep the brakes in condition for safe operation.

On the question of the defective condition of the brakes:—Aprile, the hirer of the car, stated in answer to the question as to the condition of the brakes:

"Well, they seemed just a little slower."

This is the only evidence tending to prove defective brakes.

Aprile's evidence directly negatives the idea that the accident was proximately caused by defective brakes. He states that he drove to the intersection, intending to turn to the left, when he was ready to turn, he saw the other car coming for the first time, and before he could do anything the crash occurred.

The plaintiff sought to introduce evidence of defective brakes in the following manner: Witness, Mr. Schwartz was asked:

"Q. How long a lapse between the time that the accident occurred and your arriving at the scene?

A. I arrived there immediately. I was within thirty feet of the accident.

Q. Did you see the driver of the Ford car?

A. I did.

Q. Did you hear him say what was the cause of the accident?

Objection. Sustained."

Exceptions were noted and the rejection of this evidence is claimed as an error.

Counsel in the proffer stated that if the witness were permitted to answer the question, he would say:

"The driver of the car, Aprile, said that he was unable to stop at the arterial highway because the brakes on the car were defective and would not work."

It is claimed that this is admissible as part of the res gestae. We do not concur in this view. To be part of the res gestae, the exclamation · or statement must have been made under circumstances which stamp the exclamation or statement as being more likely to be true than otherwise. Applying that rule to the proposition here, Aprile the driver of the car, would naturally desire to shift the blame from himself, if possible. The circumstances are not present that would meet the requirements to become a part of the res gestae.

As was stated in the case of **Cincinnati Traction Co. v Jamison, 13 O.C.C. (n.s.), 119:** The statement was not a voluntary and spontaneous declaration, but constituted the driver's version of a past occurrence.

The answer was properly rejected by the trial court.

Finding no evidence that the brakes were defective, or that the condition of defendant's brakes approximately contributed to cause the accident, the trial court was correct in directing the verdict.

The judgment of the Municipal Court of Cincinnati is affirmed.

ROSS, PJ, and CUSHING, J, concur.